UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ROSEMARIE HAYES,            )
                            )
         Plaintiff          )
                            )
v.                          )    No. 2:10-cv-42-DBH
                            )
MICHAEL J. ASTRUE,          )
Commissioner of Social Security, )
                            )
         Defendant          )

# REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") appeal raises the question of whether the commissioner supportably found the plaintiff, who alleges that she is disabled by depressive disorder, upper and lower extremity Raynaud's disease, primary biliary cirrhosis, osteopenia of the thoracic spine, degenerative disc disease of the cervical spine, and osteoarthritis of the left knee, capable of performing work existing in significant numbers in the national economy. I recommend that the decision of the commissioner be affirmed.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 405.101 (incorporating 20 C.F.R. § 404.1520); *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff last met the insured status requirements of the Social Security Act on June 30, 2008, Finding 1, Record at 20; that, from September 27, 2007, through June 30, 2008, she had severe impairments

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on December 17, 2010, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

that included a depressive disorder not otherwise specified, Finding 4, *id*. at 23;[2] that, during the relevant time period, she had the residual functional capacity ("RFC") to perform a limited range of work activity at the light exertional level and, by reason of her mental impairments, was limited to the performance of unskilled work activity, Finding 6, *id*. at 43-44; that, during the relevant time period, considering her age (52, defined as an individual closely approaching advanced age, as of her date last insured, June 30, 2008), education (at least high school), work experience (transferability of job skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 8-11, *id*. at 49-50; and that she, therefore, was not disabled, as defined in the Social Security Act, from September 27, 2007, through June 30, 2008, Finding 12, *id*. at 51. The Decision Review Board found no reason to disturb the administrative law judge's decision, see *id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 405.450(a); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than

---

[2] The administrative law judge ruled that the issue of the plaintiff's disability status through September 27, 2007, had been previously and finally adjudicated and that *res judicata* applied to preclude consideration of her disability through that date. *See* Finding 2, Record at 20. She does not challenge that ruling. *See generally* Statement of Errors.

2

her past relevant work. 20 C.F.R. § 405.101 (incorporating 20 C.F.R. § 404.1520(g)); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

The plaintiff complains that, although the administrative law judge found that she had moderate difficulties in maintaining concentration, persistence, and pace, she failed to transmit that limitation to a vocational expert upon whose testimony she relied in making her Step 5 finding. *See* Statement of Errors and Fact Sheet ("Statement of Errors") (Docket No. 13) at 3-5. I find no reversible error and, hence, recommend that the decision be affirmed.

The commissioner prescribes a psychiatric review technique that adjudicators must follow in assessing whether, at Step 2, a claimant has medically determinable mental impairments; if so, whether, at Steps 2 and 3, such impairments are severe and meet or equal the criteria of any impairment listed in Appendix 1 to Subpart P, 20 C.F.R. § 404 (the "Listings"), a determination arrived at with the aid of a so-called Psychiatric Review Technique Form ("PRTF"); and, if one proceeds to Steps 4 and 5, the degree to which such impairments impact RFC (a so-called mental RFC assessment). *See* 20 C.F.R. § 404.1520a.

At the PRTF stage, the severity of the impairment is assessed on the basis of rating of the degree of limitation in four broad functional areas: (i) activities of daily living, (ii) social functioning, (iii) concentration, persistence, or pace, and (iv) episodes of decompensation. *See id*. If a mental impairment is judged to be severe but not to meet or equal a Listing, assessment

of a claimant's mental RFC is required; if it is judged non-severe, no mental RFC assessment need be made. *See id.*

With respect to the plaintiff's claimed mental limitations, the administrative law judge accorded great weight to, and effectively adopted, the PRTF and RFC opinions of Disability Determination Services ("DDS") nonexamining consultant David R. Houston, Ph.D. *See* Record at 36-37, 44, 279, 285. At the PRTF stage of analysis, Dr. Houston concluded that, although the plaintiff had only mild restriction of activities of daily living and mild difficulties in maintaining social functioning, she had moderate difficulties in maintaining concentration, persistence, or pace. *See id.* at 279. However, Dr. Houston went on to translate these broad-brush findings into an RFC to (i) "understand and remember simple instructions[,]" (ii) "carry out simple tasks[.]" (iii) "interact appropriately with co-workers and supervisors[,]" and (iv) "adapt to simple changes." *Id.* at 285.

The administrative law judge recognized the distinction between the PRTF and RFC findings, stating:

> Incorporating the moderate limitations [found in a checkbox portion of the RFC form] into functional work-related limitations, [Dr. Houston] concluded that [the plaintiff] is able to understand and remember simple instructions, to carry out simple tasks, to interact appropriately with supervisors and co-workers and to adapt to simple changes. The undersigned places great weight on this opinion and has incorporated the simple instructions/tasks limitations into the residual functional capacity by restricting the [plaintiff] to unskilled tasks.

*Id.* at 44. *See also Swift v. Astrue*, Civil No. 08-280-B-W, 2009 WL 902067, at *3 (D. Me. Mar. 31, 2009) (rec. dec., *aff'd* Apr. 21, 2009) (noting that the narrative set forth in section III of the commissioner's mental RFC form, rather than the checkboxes indicating moderate and other degrees of limitation, constitutes the "official RFC assessment"). The administrative law judge

conveyed to the vocational expert present at the plaintiff's hearing a hypothetical question containing a "limit[ation] to unskilled tasks[.]" *Id*. at 404.

The commissioner has defined competitive, remunerative "unskilled work" as generally entailing the ability to (i) understand, remember, and carry out simple instructions, (ii) make simple work-related decisions, (iii) respond appropriately to supervision, coworkers, and usual work situations, and (iv) deal with routine changes in a routine work setting. *See, e.g.*, Social Security Ruling 96-9p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2010) ("SSR 96-9p"), at 160-61; Social Security Administration Program Operation Manual System ("POMS") § DI 25020.010(B)(3) (same).[3] These capacities are nearly identical to those Dr. Houston deemed the plaintiff to possess. *Compare* Record at 285. The plaintiff does not challenge the decision to adopt Dr. Houston's opinions. *See generally* Statement of Errors.

The plaintiff, in effect, complains that the administrative law judge erred in failing to posit to the vocational expert a PRTF finding. That was not error. For purposes of a Step 5 finding, as the administrative law judge recognized, she was obliged to convey to the vocational expert an accurate portrayal of the plaintiff's mental RFC. *See, e.g.,* Social Security Ruling 96-8p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2010) ("SSR 96-8p"), at 147 ("The adjudicator must remember that the limitations identified in the 'paragraph B' and 'paragraph C' criteria [of a PRTF] are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process."); *Furst v. Commissioner of Soc. Sec.,* No. 99-3581, 2000 WL 282909 at *2 (6th Cir. Mar. 13, 2000) ("[T]he ALJ's findings regarding the PRTF are solely relevant to the issues of whether [the plaintiff] had a severe impairment and whether her condition was equivalent to any of the

---

[3] "[T]he POMS is a policy and procedure manual that employees of the Department of Health & Human Services use in evaluating Social Security claims." *Davis v. Secretary of Health & Human Servs.,* 867 F.2d 336, 340 (6th Cir. 1989). While the POMS "does not have the force and effect of law, it is nevertheless persuasive." *Id.*

impairments that are listed in Appendix A to the regulations."); *Yoho v. Commissioner of Soc. Sec.,* No. 98-1684, 1998 WL 911719 at *3 (4th Cir. Dec. 31, 1998) (ALJ is not obligated to transfer the findings on the PRTF verbatim to the hypothetical questions asked of a vocational expert).

The plaintiff does not explain how the mental RFC formulated by Dr. Houston, and accurately captured by the administrative law judge through the shorthand phrase "unskilled tasks," failed to reflect Dr. Houston's PRTF finding of moderate difficulties in maintaining concentration, persistence, or pace.[4]

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 20th day of December, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[4] At oral argument, the plaintiff's counsel contended that a job's skill level pertains to intellectual and educational capacity to perform a job rather than having any bearing on the capacity for concentration, persistence, and pace. Yet, he failed to address the fact that the DDS expert, Dr. Houston, himself translated the moderate concentration, persistence, and pace restrictions into a mental RFC that, as noted above, the administrative law judge supportably found comported with the definition of unskilled work.

6